UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN AIKEN,

     Plaintiff,

v.                                     Case No. 3:15cv140/MCR/CJK

MARTIN J. BIDWELL, KIRKLAND,
and HOWELL W. MELTON,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and motion to proceed *in forma pauperis* (doc. 2).  Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)

(holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous. *See Aiken v. Tringali, et al.*, No. 3:06cv37-J-12TEM, 2006 WL 208768 (M.D. Fla. Jan. 26, 2006) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Respondent(s) M.D. Medical, et al.*, No. 3:07cv502-J-33TEM (M.D. Fla. June 13, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated); *Aiken v. Mr. Davis, et al.*, No. 3:07cv558-J-12HTS, 2007 WL 2002479 (M.D. Fla. July 5, 2007) (dismissing as frivolous civil rights complaint plaintiff filed while incarcerated). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# 638376.[1] Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff's complaint is devoid of any allegations suggesting that he is under imminent danger of serious physical

---

[1] As noted by the United States District Court for the Middle District of Florida in dismissing, under 28 U.S.C. § 1915(g), a civil rights case plaintiff filed in that district: "Plaintiff is not a stranger to the federal court system. According to a PACER website search, Plaintiff has filed approximately sixty-seven prisoner civil rights actions." *Aiken v. U.S. District Court Prosecutor, Miss Adams*, No. 5:13cv384-JES-PRL, at p. 2 n.1 (M.D. Fla. Aug. 19, 2013).

Case No. 3:14cv140/MCR/CJK

injury. Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of April, 2015.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**